## Hyde & Behman Amusement Co., Appellant, *v.* Safe Deposit & Trust Co., Admr.

## Hyde & Behman Amusement Co., Appellant, *v.* Colonial Trust Co., Admr.

*Contracts — Technical terms — Testimony to explain — "Burlesque combinations."*

The words "burlesque" or "burlesque combinations," used in a written contract calling for the production of theatrical attractions, are technical terms and it is not error to admit evidence to explain their meaning.

Argued Oct. 21, 1914. Appeals, Nos. 34, 35, 36 and 37, Oct. T., 1914, by Hyde & Behman Amusement Co., from judgments, respectively, of C. P. Allegheny Co., July T., 1912, No. 291, February T., 1910, No. 173, July T., 1912, No. 292, and May T., 1910, No. 103, in cases of Hyde & Behman Amusement Co., a Corporation, v. The Safe Deposit & Trust Company of Pittsburgh, Administrator d. b. n. c. t. a. of Richard M. Gulick, deceased, and

Harry Davis; Hyde & Behman Amusement Co., a Corporation, v. The Colonial Trust Company, Administrator d. b. n. c. t. a. of P. J. McNulty, deceased; Hyde & Behman Amusement Co., a Corporation, v. The Colonial Trust Company, Administrator d. b. n. c. t. a. of P. J. McNulty, deceased; Hyde & Behman Amusement Co., a Corporation, v. The Safe Deposit & Trust Company of Pittsburgh, Administrator d. b. n. c. t. a. of Richard M. Gulick, deceased, and Harry Davis. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on written contract.  SHAFER, J., filed the following opinion:

These cases were founded upon the same contract, being brought for installments falling due at different times.  The action is founded upon a contract, a copy of which is attached to the statements of claim, between the plaintiff and Gulick, McNulty and Harry Davis, Gulick and McNulty being now dead and the action brought against their personal representatives, and Davis being discharged in bankruptcy.  The plaintiffs were the managers and lessees of the Gayety Theater in Pittsburgh, and the defendants owned and controlled the Bijou and Alvin theaters in the same city. The agreement is to the effect that the plaintiffs should change the style of attraction then given at the Gayety and continue that change for six years, and that the defendants in consideration of their doing so were to pay them $10,000 a year in the event of the plaintiffs having no competition, and $15,000 a year if they had competition, it being now admitted that during the whole time there was competition.

In return for this payment plaintiffs agreed that during the six years they would produce no attractions at the Gayety Theater except "the style known as burlesque or burlesque combinations, such as have been and are now playing at the Star Theater, Brooklyn."  The de-

fendants raised a number of questions as to the liability of the estates of the deceased parties on a contract of this nature, which were ruled against the defendants, and the question was submitted to the jury whether or not the plaintiffs had performed their contract during the last two or three years of the period of six years, it being averred by the defendants that attractions other than burlesque and burlesque combinations were often presented at the Gayety Theater during that time. Testimony was offered by both parties as to what is meant in the theatrical world by "burlesque and burlesque combinations," and it was claimed by the plaintiffs that the definition of these two terms was to be sought by ascertaining what attractions were being given at that time in the Star Theater, and that the contract meant that whatever was given in the Star Theater at that time was to be deemed to be burlesque and burlesque combinations; while the defendants contended that the contract did not mean to define burlesque and burlesque combinations so as to include in it everything that was then given at the Star Theater, but only to designate the burlesque and burlesque combinations as being of the same kind as those which were then being given at that theater. Evidence was given tending to show that the plaintiff had presented attractions at the Gayety Theater which were not within the definition of burlesque or burlesque combinations testified to by witnesses for the defendants. The whole matter was submitted to the jury and they found that the plaintiff had failed to keep its contract, and therefore found for the defendants.

While the business of furnishing theatrical amusement to the public is not a trade in the ordinary acceptation of the term, and a combination to suppress competition in it is not illegal and void as against public policy, we are nevertheless of the opinion that a contract of this nature is to be strictly construed, and as the contract is perfectly capable of the construction put upon it by the jury under the instructions of the court and in reference

to the oral testimony, we are of opinion that the verdict should not be disturbed.

Verdict for defendant, and judgment thereon.  Plaintiff appealed.

*Error assigned,* among others, was the ruling on evidence referred to in the opinion of the Supreme Court.

*C. F. C. Arensberg,* of *Patterson, Crawford, Miller & Arensberg,* for appellant.

*Ralph F. Smith,* with him *Frank P. Patterson* and *Thomas M. Benner,* for appellees.

PER CURIAM, January 2, 1915:

By agreement of counsel at the trial these actions were consolidated and the single question for decision was whether the added attractions presented at the plaintiffs' theater were parts of a burlesque combination under the contract between the parties.  It was competent to admit testimony to explain the meaning in the theatrical business of the technical terms used and there was no error in the manner in which the case was submitted to the jury.

The judgment is affirmed for the reasons stated in the opinion of Judge SHAFER.